IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR209 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| AMINEH FARAJ, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Jason W. White, Special Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of the defendant, Amineh Faraj. The United States agrees with the Presentence Investigation Report (PSR) that the defendant's adjusted advisory Sentencing Guidelines total offense level is 10 after acceptance of responsibility and her criminal history category is II. (Doc. No. 10 at ¶ ¶ 25, 34). Thus, the advisory guideline imprisonment range is eight to 14 months (Zone B). (Doc. No. 10 at ¶ 52). For the reasons set forth below, this Court should sentence the defendant to a term of imprisonment of between eight and 14 months as prescribed by the Sentencing Guidelines, a three-year term of post-release supervision, and be ordered to pay restitution in the amount of $42,507.00 to the Social Security Administration (SSA).

I.  **FACTUAL BACKGROUND**

On September 21, 2012, the defendant's mother-in-law passed away. At the time of her death and before, the defendant's mother-in-law collected Supplemental Security Income benefits (SSI) from the SSA. SSI is a needs-based program paid from the general Treasury of

the United States designed to provide cash assistance to the disabled and elderly to cover necessary living expenses.  The SSA directly deposited these benefits into an account jointly held at Key Bank by the defendant and her mother-in-law.

When a beneficiary dies, SSA terminates the payment of SSI benefits after the agency receives notification about the death, usually obtained from a family member or funeral home. In this case, SSA continued to pay SSI benefits into the Key Bank account because it did not receive notification of the defendant's mother-in-law's death and believed she was still alive. Between October 2012 and October 2017, the defendant continuously withdrew the SSI benefits that SSA deposited into that account, knowing she was not entitled to those funds and that they belonged to the United States.  In total, the defendant stole approximately $42,507.00 in SSI in the 61 months that elapsed before SSA was made aware of the death.

## II.        APPLICATION OF § 3553(a) FACTORS

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of between eight and 14 months as prescribed by the Sentencing Guidelines, a three-year term of post-release supervision, and be ordered to pay restitution in the amount of $42,507.00 to the SSA. The government submits that the recommended sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence, particularly:

>    (1)   the nature and circumstances of the offense and the characteristics of the defendant;
>    (2)   the need for the sentence imposed—
>           (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>           (B)     to afford adequate deterrence to criminal conduct;
>           (C)     to protect the public from further crimes of the defendant; [and]
>    (7)   the need to provide restitution to any victims of the offense.

Specifically, the very egregious nature of the defendant's conduct—that she stole federal benefits intended for those most in need—clearly outweigh any mitigating characteristics that may warrant a non-incarceration sentence.

First, the nature scope and circumstances of the defendant's conduct here warrants a within-Guidelines range sentence.  Over the course of 61 months, the defendant continued to steal money she knew was not hers.  In total, that theft accumulated to over $42,000 in SSI benefits that could have been used to help those individuals actually in need and eligible to receive benefits.  Additionally, when approached by law enforcement officers, the defendant initially denied that her mother-in-law was deceased and led the investigators to believe that she had traveled abroad with her brother-in-law.  This attempt to conceal her criminal wrong-doing was later corrected by the defendant's attorney on her behalf.  Nonetheless, the duration, scope, and expanse of the defendant's criminal conduct necessitates an incarceration sentence.

To further compound the seriousness of her offense, the defendant's theft here caused real financial harm to a program relied upon by millions of Americans for their financial security.  In 2019, the SSA will pay SSI benefits to over eight million disabled and low-income individuals so that they may pay for housing, food, and other necessities. Soc. Sec. Admin., SSI Monthly Statistics, January 2019, https://www.ssa.gov/policy/docs/statcomps/ssi_monthly/index.html#toc. The SSA programs are grounded upon the idea that when a person is elderly, widowed, or disabled or otherwise in need, current workers will help support that person, just as he or she helped support others. When the defendant here stole from SSA, she did not just steal from a government agency, she stole from every American who paid into the system and every American who expects to receive benefits in the future.

Additionally, a sentence of imprisonment here will afford an adequate deterrence to potential future fraudsters and restore confidence in the Social Security programs. These programs are designed to help those Americans in the greatest need. The sentence recommended by the government will work to deter those who may attempt to defraud the agency whose work is so crucial for so many Americans. A guidelines sentence will work to reverse the adverse effect the defendant's conduct has had and will help to strengthen the integrity of these programs.

Finally, an order for the payment of restitution is paramount in the sentencing in this case. In total, the defendant stole $42,507.00 and the SSA must be made whole so the money the defendant stole can be used to provide benefits to those who qualify for these essential programs. Accordingly, the government respectfully requests this Court order the defendant to pay restitution in the amount of $42,507.00 to the SSA.

The sentence recommended within the Guideline range is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously

4

identified by the parties or in the PSR, the parties are entitled to notice and an opportunity to respond. Fed R. Crim. P. 32(i)(1)(c) and 32(h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

### III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court impose a sentence within the advisory Guidelines range.

Respectfully submitted,

JUSTIN HERDMAN
United States Attorney

By: /s/ Jason W. White
Jason W. White (NY: 4672267)
Special Assistant United States Attorney
United States Court House
801 W Superior Ave, Suite 400
Cleveland, OH 44113
(216) 622-3874
(216) 522-2403 (facsimile)
Jason.W.White@usdoj.gov

5

CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of July 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

    /s/ Jason W. White
    Jason W. White
    Special Assistant United States Attorney